Curia, per
Whitner, J.
This is an appeal from an order made on a rule against a clerk of the Court of Common Pleas, directing costs to be taxed, and granting leave to enter judgment and issue execution for the same. The question involves the proper construction of the 13th section of the Act of 1839, “Concerning the office and duties of Ordinary,” in relation to costs.
The remedy intended in the thirteenth section was, to provide the right of appeal from the Ordinary, in the cases enumerated, and to secure the recovery of costs where this right had not previously existed. In this particular case, an appeal had been taken from the Court of Ordinary to the Court of Common Pleas, being from “ a judgment relative to a last will and testament,” a class of cases provided for. The Court of Common Pleas heard and decided the issue presented, and the parties litigant acquiesced. A further appeal not having been prosecuted to the next and highest tribunal, it is insisted that costs may not be taxed, because they are only allowed to “ the party in whose favor the final judgment may be pronounced by the Court of Appeals in Law or Equity.” The order of the Judge who heard the rule not favoring this construction, hence the complaint. The construction now insisted on by the appellant, being that until “ the Court of Appeals,” in the technical sense has pronounced “final judgment” “in favor of a party,” the *31 case has not arisen in "which costs may he taxed. A strict literal construction of the terms used, in their technical sense, would make the entire paragraph a dead letter. For in what class of cases, or solitary case, it may be asked, has “ the Court of Appeals” ever “ pronounced a final judgment,” regarding these words in their technical import? The inquiry is as to the intention of the General Assembly. Can there be two opinions on the subject ? Is it not apparent, from the general reading, without being tied down to any one particular form of expression, that in this section is provided the right of appeal from the Court of Ordinary in the instances enumerated — the mode of prosecuting the same, and, “ in all such appeals,” that may be prosecuted to a final hearing, to require the payment of costs by the losing party — he against whom the final decision may be made ? Litigants in other cases, on the civil side of our Courts, are subjected to this rule. What other could the Legislature have intended ? The principal costs in such cases arise at the hearing on circuit — that hearing is often satisfactory, and the decision final. To a certain extent, the Circuit Court is the Court of Appeals first designated, and, by the act of the parties, is often the last resorted to. Such a reading, it is true, is rather forced, but it, perhaps, ought to be satisfactory to those who may be rather hypocritical in raising the objection to the other clause of this section.
So far as legislative construction may be called in aid of the intention of the General Assembly, in cases of appeal from the Ordinary, on the question of costs, it may be seen, by the Act of Assembly, 1842, page 232, (giving a right of appeal In another class of cases, according to the provisions of this Act of Assembly, 1839,) which, in relation to costs, provides, with somewhat more careful phraseology, though not wholly free from criticism, “ That in all appeals under this Act (1842) the party in whose favor final judgment may be pronounced shall be entitled to tax *32 and receive all his reasonable and proper costs, charges and expenses.”
There can he no reason for a distinction as to costs in these cases of appeals, and it was, obviously, never intended to make any.
In the opinion of this Court, the order of the Judge was properly granted, and the motion is dismissed.
O’Neall, Evans, Waedlaw, Frost and WitheRS, JJ., concurred.

Motion dismissed.